IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00142-PAB

TOM KRAMER and
MONICA KRAMER,

      Plaintiffs,

v.

DONN VIGIL,
FRANCIS MARTINEZ,
RIO GRANDE SAVING & LOAN ASSOCIATION,
BENJAMIN F. GIBBONS, and
JAMES A. CASEY,

      Defendants.

---

## ORDER

---

      This matter comes before the Court on Plaintiff's Memorandum in Support of Motion for Temporary Restraining Order [Docket No. 3] filed by plaintiffs Tom and Monica Kramer.  As no separate motion was filed, the Court construes this pleading as a motion for a temporary restraining order ("TRO").

      The following allegations are drawn from plaintiffs' complaint and the attached affidavit.  Docket No. 1.  In March, 2001, plaintiffs entered into an "alleged agreement" with Rio Grande Saving & Loan Association ("Rio Grande") in order to make improvements to their home.  Docket No. 1 at 3-4, ¶¶ 2-5 and 10, ¶ 5.  In 2010, plaintiffs filed for bankruptcy and received a discharge of their debt pursuant to 11 U.S.C. § 727.  Docket No. 1 at 10, ¶ 9, and 12, ¶ 22.  In April 2012, plaintiffs stopped making payments to Rio Grande.  Docket No. 1 at 11, ¶ 13.

On October 31, 2012, plaintiffs received notice that Rio Grande was seeking an order in "Archuleta Court" to sell plaintiffs' property, presumably meaning plaintiffs' residence.  Docket No. 1 at 4, ¶ 6.  On November 1, 2012, plaintiffs learned that a sale date was scheduled for December 27, 2012.  Docket No. 1 at 4, ¶ 8.  Plaintiffs filed a response disputing Rio Grande's right to sell the property and a hearing was set for December 31, 2012.  Docket No. 1 at 11, ¶ 16.  At the hearing, plaintiffs argued that the court lacked jurisdiction because the proceedings violated plaintiffs' constitutional rights.  Docket No. 1 at 5, ¶¶ 14-16.  The court rejected plaintiffs' arguments.  Docket No. 1 at 5, ¶ 14.  As of January 22, 2013, no sale date had been set by the public trustee.  Docket No. 3 at 2, ¶ 5.

On January 22, 2013, plaintiffs filed a complaint in this case against defendants Donn Vigil, Francis Martinez, Rio Grande, Benjamin Gibbons, and James Casey, the judge presiding over the Archuleta court case.  Docket No. 1.  The complaint alleges that defendants violated plaintiffs' rights under the Fourth, Fifth, Seventh, Ninth, and Fourteenth Amendments by wrongfully maintaining court proceedings against plaintiffs' property even though plaintiffs had discharged all their personal debt, including their debt to Rio Grande, through bankruptcy.  Docket No. 1 at 5-8, ¶¶ 20-25.  Through their motion for a TRO, plaintiffs seek to "prevent[] defendant [sic] from seizing and selling Plaintiffs' land and property."  Docket No. 3 at 3, ¶ 13.

Local Rule 65.1 states that a motion for a TRO shall be accompanied by a certificate of counsel or pro se party stating that "actual notice" of the motion was provided to the opposing party or stating the "efforts made by the moving party to give such notice."  D.C.COLO.LCivR 65.1A.  Plaintiffs have not included such a certificate.

2

Instead, they claim that the Court should grant a TRO on an ex parte basis.  Docket No.

3 at 3, ¶ 11.  The Local Rules state that courts may not consider an ex parte motion for

a TRO except in accordance with Rule 65(b) of the Federal Rules of Civil Procedure.

*Id*. at 65.1A.2.  Rule 65(b) provides in part that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Fed. R. Civ. P. 65(b)(1)(A).  Plaintiffs assert that the Court should enter a TRO without

notice because:

> plaintiff will likely suffer immediate and irreparable injury, loss, or damage if the order is not granted before defendant can be heard, and there is no less drastic way to protect plaintiffs' interests.

Docket No. 3 at 3, ¶ 11.  Plaintiffs assert that losing their home, along with the time

and energy they have invested in it over the years, constitutes irreparable harm.

Docket No. 3 at 2, ¶ 5.

 Plaintiffs do not explain why the alleged irreparable injuries "will result to the

movant before the adverse party can be heard in opposition."  *See* Fed. R. Civ. P.

65(b)(1)(A).  Plaintiffs do not suggest that harm would result from providing notice to

opposing counsel itself, e.g., by claiming that such notice would prompt defendants to

set a date to foreclose on plaintiffs' property.  Nor do plaintiffs substantiate the

imminence of a foreclosure sale.  Docket No. 3 at 2, ¶ 5 ("The sale date . . . [is] still not

ordered").  Thus, plaintiffs fail to comply with the notice provision of Local Rule 65.1A

and fail to clearly show pursuant to Federal Rule of Civil Procedure 65(b) that

immediate and irreparable injury will result before the adverse party can be heard.

3

Plaintiffs' motion will be denied on this basis alone.

Even if the Court considers the motion on the merits, plaintiffs fail to justify the issuance of a TRO.  A party seeking a TRO must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (internal citation omitted).

Plaintiffs' motion does not establish a likelihood of success on the merits. Plaintiffs allege that the bankruptcy court discharged their debt pursuant to 11 U.S.C. § 727.  Docket No. 3 at 15, ¶ 22.  They also cite 11 U.S.C. § 522(b)(3), which allows debtors to exempt certain property from the estate.  Docket No. 3 at 2-3, ¶ 7. However, the right to foreclose on property securing a debt is not extinguished solely because the debtor's personal liability is discharged in bankruptcy.  As the Supreme Court explained in *Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991),

> [a] mortgage is an interest in real property that secures a creditor's right to repayment.  But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's in personam liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. . . .  A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. . . .  However, such a discharge extinguishes only 'the personal liability of the debtor.'  . . . the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.

(internal citations omitted).  Plaintiffs appear to allege that the bankruptcy court discharged their debt to Rio Grande, but do not allege that the court also extinguished Rio Grande's right to foreclose.  *See* Docket No. 3 at 15, ¶ 22 ("Affiants were ordered

4

to produce a paper from the bankruptcy court by January 16, 2013 that stated

'Extinguishment of the Lien' on it.  Affiant could only show the law on it since the

Bankruptcy Court issues a notice of 'IT IS ORDERED; The debtor is granted discharge

under section 727 of title 11, United States Code").  In addition, plaintiffs have not

included any documents, case numbers, or other evidence to substantiate the

allegations in the motion for a TRO.

Plaintiffs fail to "show[] a reasonable probability that [they] will ultimately be

entitled to the relief sought."  *Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d

780, 781 (10th Cir. 1964).  The Court need not reach the other factors of the inquiry

because, absent a showing of likely success, plaintiffs do not provide sufficient support

for issuance of injunctive relief.[1]  *See Populist Party v. Herschler*, 746 F.2d 656, 661

(10th Cir. 1984) (denying application for an injunction pending appeal from the district

court's denial of a TRO on the basis that plaintiffs failed to show a likelihood of

success on the merits).

---

[1] Plaintiffs request that the Court issue a TRO "preventing defendant from seizing and selling Plaintiffs' land and property."  Docket No. 3 at 3, ¶ 13.  To the extent that plaintiffs request that the Court enjoin ongoing proceedings in the state court case, the Court has concerns under *Younger v. Harris*, 401 U.S. 37 (1971).  *Younger* mandates abstention where "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."  *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quotation omitted).  However, as plaintiffs have not shown they are entitled to a TRO, the Court need not reach this issue.

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' Memorandum in Support of Motion for Temporary

Restraining Order [Docket No. 3] is DENIED.


DATED January 24, 2013.

<div style="margin-left: 40%;">

BY THE COURT:


  s/Philip A. Brimmer

PHILIP A. BRIMMER

United States District Judge

</div>