IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00142-PAB-KLM

TOM KRAMER, and
MONICA KRAMER,

    Plaintiffs,

v.

DONN VIGIL,
FRANCIS MARTINEZ,
RIO GRAND SAVING & LOAN ASSOCIATION,
BENJAMIN F. GIBBONS,
JAMES A. CASEY, and
JOHN DOES 1-5,

    Defendants.
_____

## MINUTE ORDER
_____

### ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

    This matter is before the Court on Plaintiffs' **Motion to Strike "Defendant Benjamin F. Gibbons' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)"** [Docket No. 16; Filed March 6, 2013] and on Plaintiffs' **Motion to Strike "Motion to Dismiss of Defendant Casey"** [Docket No. 19; Filed March 18, 2013]. As a preliminary matter, the Motions to Strike do not comply with D.C.COLO.LCivR 7.1A, which provides as follows:

> The Court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

On this basis alone, the Motions to Strike are subject to denial without prejudice or to being stricken themselves. However, in consideration of the Court's obligation to liberally construe the filings of *pro se* litigants, the Court accepts the Motions to Strike as Plaintiffs' Responses to Defendants' Motions to Dismiss [#9, #19]. Accordingly,

IT IS HEREBY **ORDERED** that the Motions to Strike [#16, #19] are therefore **DENIED as moot** but will be considered in connection with a Recommendation on the Motions to Dismiss once corrected as set forth below.

However, pursuant to the District Judge's Civil Practice Standards, each motion (including the accompanying brief, if any) or response is limited to a total of fifteen pages. *See* PAB Civ. Practice Standard III.A.[1]  This page limitation includes "the cover page, jurisdictional statement, statement of facts, procedural history, argument, authority, closing, signature block, and all other matters, except the certificate of service." *Id.* Plaintiff's first Response [#16] is eighteen pages, and Plaintiff's second Response [#20] is thirty-five pages, not including the certificates of service or attached exhibits.  Thus, neither Response complies with the District Judge's Civil Practice Standards.[2]  Accordingly,

IT IS FURTHER **ORDERED** that the Responses [#16, #20] are **STRICKEN** for failure to comply with the District Judge's Civil Practice Standards.  *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that *pro se* parties must "follow the same rules of procedure that govern other litigants").

IT IS FURTHER **ORDERED** that Plaintiffs shall file a compliant Response to Defendant Benjamin F. Gibbons Motion to Dismiss [#9] **on or before April 2, 2013**.

IT IS FURTHER **ORDERED** that Plaintiffs shall file a compliant Response to Defendant James A. Casey's Motion to Dismiss [#12] **on or before April 9, 2013**.

Dated:  March 19, 2013

---

[1]  A copy of the District Judge's Civil Practice Standards can be downloaded from: http://www.cod.uscourts.gov/Portals/0/Documents/Judges/PAB/PAB-practice-standards-June-2012.pdf.

[2]  The Court notes that, even if it had not construed the Motions to Strike as Responses, the filings would still exceed the District Judge's mandatory page limitations.