IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00142-PAB-KLM

TOM KRAMER, and
MONICA KRAMER,

      Plaintiffs,

v.

DONN VIGIL,
FRANCIS MARTINEZ,
RIO GRAND SAVING & LOAN ASSOCIATION,
BENJAMIN F. GIBBONS,
JAMES A. CASEY, and
JOHN DOES 1-5,

      Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiffs' **Motion to Strike "Defendants Donn Vigil, Francis Martinez and Rio Grande Savings & Loan Association's Motion to Dismiss"** [Docket No. 23; Filed March 27, 2013] (the "Motion"). As a preliminary matter, the Motion does not comply with D.C.COLO.LCivR 7.1A, which provides as follows:

> The Court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

On this basis alone, the Motion is subject to denial without prejudice or to being stricken. However, in consideration of the Court's obligation to liberally construe the filings of *pro se* litigants, the Court accepts the Motion as Plaintiffs' Response to Defendants' Motion to Dismiss [#14]. Accordingly,

      IT IS HEREBY **ORDERED** that the Motion [#23] is **DENIED as moot** but will be

considered in connection with a Recommendation on the Motion to Dismiss [#14] once corrected as set forth below.

Pursuant to the District Judge's Civil Practice Standards, each motion (including the accompanying brief, if any) or response is limited to a total of fifteen pages.  *See* PAB Civ. Practice Standard III.A.[1]   This page limitation includes "the cover page, jurisdictional statement, statement of facts, procedural history, argument, authority, closing, signature block, and all other matters, except the certificate of service."  *Id.*  Plaintiff's Response [##23, 24] is nineteen pages, not including the certificate of service.  Thus, the Response does not comply with the District Judge's Civil Practice Standards.[2]  Accordingly,

IT IS FURTHER **ORDERED** that the Response [#23, #24] is **STRICKEN** for failure to comply with the District Judge's Civil Practice Standards.  *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that *pro se* parties must "follow the same rules of procedure that govern other litigants").

IT IS FURTHER **ORDERED** that Plaintiffs shall file a compliant Response to the Motion to Dismiss [#14] of no more than fifteen (15) pages **on or before April 19, 2013**.


Dated:  April 2, 2013

---

[1]  A copy of the District Judge's Civil Practice Standards can be downloaded from: http://www.cod.uscourts.gov/Portals/0/Documents/Judges/PAB/PAB-practice-standards-June-2012.pdf.

[2]  The Court notes that, even if it had not construed the Motion as a Response, the filing would still exceed the District Judge's mandatory page limitation.