IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00142-PAB-KLM

TOM KRAMER, and
MONICA KRAMER,

     Plaintiffs,

v.

DONN VIGIL,
FRANCIS MARTINEZ,
RIO GRAND SAVING & LOAN ASSOCIATION,
BENJAMIN F. GIBBONS,
JAMES A. CASEY, and
JOHN DOES 1-5,

     Defendants.

_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Defendant Benjamin F. Gibbons' ("Gibbons")

**Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)** [Docket No. 9; Filed February 13,

2013]; on Defendant James A. Casey's ("Casey") **Motion to Dismiss** [Docket No. 12; Filed

February 25, 2013]; and on Defendants Donn Vigil ("Vigil"), Francis Martinez ("Martinez")

and Rio Grande Savings & Loan Association's ("Rio Grande") (collectively, the "Bank

Defendants") **Motion to Dismiss** [Docket No. 14; Filed March 6, 2013].   Plaintiffs filed

Responses [#26, #28, #29] in opposition to the Motions on April 2, 2013, on April 5, 2013,

and on April 11, 2013, respectively.   On April 16, 2013 and April 29, 2013, Defendant

Gibbons and the Bank Defendants filed Replies [#30, #33].   The Motions have been

referred to this Court for recommendation [#10, #13, #15] pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3.  The Court has reviewed the Motions, the Responses, the Replies, the case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons stated below, the Court respectfully **RECOMMENDS** that Defendant Casey's Motion [#12] be **GRANTED** and that Defendant Gibbons and the Bank Defendants' Motions [#9, #14] be **GRANTED in part and DENIED without prejudice in part**.

### I.  Summary of the Case

According to the Complaint, Plaintiffs reside in Pagosa Springs, Colorado, at 10900 Highway 84.  *Compl.* [#1] ¶ 3.  They bought their residential property at this location in September 1999.  *Id.* ¶ 2.  At an unspecified time thereafter, they entered into an agreement with Defendant Rio Grande to obtain funds to make improvements to their property.  *Id.* ¶ 5.  Defendant Vigil is the President/CEO of Defendant Rio Grande.  *Id.* at 3.  Defendant Martinez is a Branch Bank Manager for Defendant Rio Grande.  *Id.*

On October 31, 2012, Plaintiffs "received a notice that a Motion has been filed in Archuleta Court from a Sheriff Deputy that RIO GRANDE is demanding an order to sell Plaintiffs' property."  *Id.* ¶ 6.  The notice stated that Plaintiffs had until November 9, 2012 to file a response to the motion, or else Defendant Rio Grande would be permitted to sell Plaintiffs' property.  *Id.* ¶ 6.  The next day, Plaintiff Tom Kramer saw a notice of sale in the local newspaper, stating that their property would be sold on December 27, 2012.  *Id.* ¶ 8.

On November 7, 2012, Plaintiffs filed a response to the motion in the state court proceeding, asserting that the state court had no jurisdiction over the matter.  *Id.* ¶ 9.  In

their response, Plaintiffs also argued that Defendant Gibbons (Defendant Rio Grande's attorney in the state court action) "put fraud upon the court by using sham legal process to draw defendant in error, Tom and Monica Kramer, into a void proceeding in an attempt to take property from Tom and Monica Kramer, theft by deception, which is a felony." *Id.* ¶ 11 (emphasis in original).

On December 31, 2012, a hearing was held on the matter and the presiding judge, Defendant Casey, overruled Plaintiffs' jurisdictional objections. *Id.* ¶¶ 13-14.  Despite the judge's ruling, Plaintiffs again objected at the hearing and continued to argue their point. *Id.* ¶¶ 14-16.  Later, on January 14, 2013, Plaintiffs filed a motion to dismiss in the state court action "again showing why the court has no jurisdiction despite clearly established law . . . ." *Id.* ¶ 17.

Eight days after filing that motion, on January 22, 2013, Plaintiffs initiated the present federal court action, asserting eight causes of action based on the Fourth, Fifth, Seventh, Ninth, and Fourteenth Amendments. *Id.* ¶¶ 19-27.  The Complaint seeks a declaration that Plaintiffs are immune from having their property seized "except under warrant of law;" a "preliminary injunction restraining and enjoining defendants from undertaking[,] enforcing[,] maintaining or adopting policies[,] procedures and practices or acts of and contracting or ordering [Plaintiffs] from their property" [sic]; and compensatory and punitive damages. *Id.* at 8.  Defendants seek to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Because "federal courts are

courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir.1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

Finally, the Court must construe the filings of *pro se* litigants liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be *pro se* litigants' advocate, nor should the Court

"supply additional factual allegations to round out [*pro se* litigants'] complaint or construct a legal theory on their behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). Despite this relaxed pleading standard, *pro se* plaintiffs retains "the burden of alleging sufficient facts on which a recognizable legal claim could be based." *Hall*, 935 F.2d at 1110. In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III. Analysis

### A.     The *Younger* Doctrine

Defendants contend that the *Younger* abstention doctrine requires the Court to decline to exercise jurisdiction over Plaintiffs' claims because adjudication of the claims would interfere with an ongoing action filed in Colorado state court. *See Motion* [#12] at 7-9. "Under the *Younger* abstention doctrine, federal courts should not 'interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—'when a state forum provides an adequate avenue for relief.'" *Weitzel v. Div. of Occupational & Prof'l Licensing of the Dep't of Commerce of the State of Utah*, 240 F.3d 871, 875 (10th Cir. 2001) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)). "*Younger* abstention is non-discretionary; the district court must abstain once the conditions are met, absent extraordinary circumstances." *Id.* (internal quotations omitted). The Court of Appeals for the Tenth Circuit has stated the conditions for abstention as follows:

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

*Amanatullah v. State Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) ( quoting

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)).

In this case, the Court agrees with Defendants and finds that abstention from the exercise of jurisdiction is necessary. Plaintiffs allege that on October 31, 2012, they "received a notice that a Motion has been filed in Archuleta Court from a Sheriff Deputy that RIO GRANDE is demanding an order to sell Plaintiffs' property." *Compl.* [#1] ¶ 6. On November 7, 2012, Plaintiffs filed a response to the motion, arguing that the state court had no jurisdiction over the matter. *Id.* ¶ 9. On December 31, 2012, a hearing was held on the matter and Defendant Casey overruled Plaintiffs' objection to the proceeding based on jurisdiction. *Id.* ¶¶ 13-14. On January 14, 2013, Plaintiffs filed a motion to dismiss in the state court action "again showing why the court has no jurisdiction despite clearly established law . . . ." *Id.* ¶ 17. On January 22, 2013, Plaintiffs initiated the present federal court action. The Complaint seeks a declaration that Plaintiffs are immune from having their property seized "except under warrant of law;" a "preliminary injunction restraining and enjoining defendants from undertaking[,] enforcing[,] maintaining or adopting policies[,] procedures and practices or acts of and contracting or ordering [Plaintiffs] from their property;" and compensatory and punitive damages. *Id.* at 8.

Thus, the state court action raises essentially the same issues that are raised in the Complaint [#1] filed in this action. In short, Plaintiffs are unhappy with the state court

proceedings and ask this Court to overrule Defendant Casey's rulings in that matter, which involves their residential property located in the State of Colorado, and to find that he and the other Defendants have proceeded unconstitutionally first by bringing any action against Plaintiffs and second by allowing the proceedings to continue. Accordingly, there is an ongoing state civil proceeding involving important state interests in which Plaintiffs can raise their claims that Defendants' conduct violated the federal constitution. *See generally Allen v. McCurry*, 449 U.S. 90, 105 (1980) (citing *Stone v. Powell*, 428 U.S. 465, 493-94 n.35 (1976), for its "emphatic reaffirmation . . . of the constitutional obligation of the state courts to uphold federal law, and its expression of confidence in their ability to do so"); *see also Motion* [#12] at 8 (arguing that "[m]atters involving land ownership are matters which traditionally look to state law for their resolution, and implicate important state interests"); *Rio Grande Silvery Minnow (Hybognathus amarus) v. Bureau of Reclamation*, 599 F.3d 1165, 1177 (10th Cir. 2010) (stating that "questions involving ownership, transfer and title to real estate have traditionally been resolved according to the laws of the state where the realty is located") (quoting *Amoco Prods. Co. v. United States*, 619 F.2d 1383, 1387 (10th Cir. 1980)).

Plaintiffs do not specifically contend that the *Younger* doctrine is inapplicable. *See Response* [#28] at 6-8. Rather they state that "Plaintiffs are not arguing that [the ability to present their arguments] is not available to them in state law[,] especially in the State Constitution[,] but that it is being denied them." *Id.* at 7. They further state that they have repeatedly attempted "to get their rights upheld, [but they] were denied and ignored by [D]efendant Casey in their challenges of jurisdiction." *Id.* Plaintiffs do not challenge the facial constitutionality of any state law in this federal proceeding. Rather, they challenge

the constitutionality of Defendant Casey's application of the state law to their situation. There is no indication that an appeal within the state court system is unavailable to Plaintiffs. Accordingly, the Court finds that the state court action in the District Court for Archuleta County affords Plaintiffs an adequate opportunity to assert their claims.

In short, Plaintiffs are not pleased with the state court rulings and attempt to circumvent the state court appeals system by filing in this Court after receiving an unfavorable jurisdictional ruling by Defendant Casey. This is precisely the type of situation that the *Younger* doctrine is intended to prevent. The Court finds that any judgment on Plaintiffs' claims would interfere with an ongoing state proceeding. *D.L. v. Unified Sch. Dist. No. 497*, 392 F .3d 1223, 1228 (10th Cir. 2004). Until the state court action is concluded, the *Younger* abstention doctrine applies.

*Younger* abstention "extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding," along with requests for declaratory and injunctive relief. *Buck v. Meyers*, 244 Fed. App'x 193, 197-98 (10th Cir. 2007). A finding by the Court that Defendants violated Plaintiffs' constitutional rights "would have a preclusive effect in the state-court proceedings." *Id.* Thus, the *Younger* doctrine applies to all of Plaintiffs' requests for relief. However, "[w]here the plaintiffs in the federal suit seek damage relief and the *Younger* factors are met, the district court should *stay* federal proceedings on the damage claims, not dismiss the action altogether." *Id.* (citing *D.L.*, 392 F .3d at 1228; *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)). Therefore, based on the *Younger* doctrine, the Court **recommends** that Plaintiffs' claims for declaratory and injunctive relief be **dismissed without prejudice** as

to all Defendants.  *D.L.*, 392 F .3d at 1228 (stating that "*Younger* abstention is jurisdictional."); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice." (citations omitted)).

## B.    Immunity

While the Court may not examine Defendants' remaining arguments regarding the merits of Plaintiffs' damages claims, the Court may examine any other jurisdictional arguments as they relate to those claims.  *Buck*, 244 Fed. App'x at 198 (stating that "the district court did not need to 'abstain' from dismissing a particular claim or defendant where it could do so without reaching the merits") (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007)).  Defendant Casey, who is sued in both his official and individual capacities, raises Eleventh Amendment immunity and judicial immunity, both of which are non-merits grounds that may here be addressed.  *See Buck*, 244 Fed. App'x at 199 n.2.

To the extent that Plaintiff sues Defendant Casey in his official capacity, "[s]uits against state officials in their official capacit[ies] should be treated as suits against the state."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *see also Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (stating that state officers sued in their official capacity are not "persons" subject to suit under 42 U.S.C. § 1983).  Thus, pursuant to the Eleventh Amendment, the Court lacks subject-matter jurisdiction to adjudicate an action brought by a citizen of a state against the state itself, its agencies, or its officials in their official capacities.  *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  Further, Eleventh Amendment immunity bars claims against

individuals sued in their official capacities "for money damages and relief for prior acts." *See Hunt v. Colo. Dep't of Corr.*, 271 Fed. App'x 778, 781 (10th Cir. 2008).  Therefore, the Court **recommends** that Defendant Casey's Motion [#12] be **granted** with respect to monetary claims made against him in his official capacity.   These claims should be **dismissed without prejudice** for lack of subject matter jurisdiction on the basis of Eleventh Amendment immunity.   *See Brereton*, 434 F.3d at 1216 ("[W]here the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice." (citations omitted)).

Regarding Plaintiffs' claims against Defendant Casey in his individual capacity, Plaintiffs clearly state that Defendant Casey, "at all times relevant to this complaint, was acting as a duly appointed official . . . ." *Compl.* [#1] at 3.  The other allegations in the Complaint, as summarized above, agree with this characterization of Defendant Casey's involvement in the events underlying this action.  Defendant Casey raises absolute judicial immunity as a complete bar to Plaintiffs' claims against him.

The principles of judicial and quasi-judicial immunity apply to individual-capacity claims.  *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d1140, 1156 (10th Cir. 2011) (citation omitted).  "[A]bsolute immunity is necessary so that judges can perform their functions without harassment or intimidation."  *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986).  Here, Defendant Casey's actions have been indisputedly judicial in nature, as Plaintiffs have only challenged the propriety of Defendant Casey's actions in connection with rendering decisions on the issues in the underlying case.  *See Jones v. Volchok*, 930 F.2d 27, 1991 WL 52687, at *1-2 (9th Cir.1991).  Further, despite Plaintiffs' ardent

contention to the contrary, the Court does not perceive any issue regarding whether Defendant Casey acted "in the clear absence of all jurisdiction." *See id.* at \*2; *see generally Amoco Prods. Co.*, 619 F.2d at 1387.  Therefore, the Court **recommends** that Defendant Casey's Motion [#12] be **granted** to the extent it requests dismissal on the basis of absolute judicial immunity.

The Court thus **recommends** that Defendant Casey's Motion [#12] be **granted** based on the *Younger* doctrine and on grounds of immunity.  However, the damages claims against the other Defendants, "whatever their merit," do not appear to be jurisdictionally deficient, and, thus, they should be stayed pending completion of the state court litigation. *Buck*, 244 Fed. App'x at 199.  The Court thus **recommends** that Defendant Gibbons and the Bank Defendants' Motions [#9, #14] seeking dismissal of Plaintiffs' claims seeking monetary damages against them be **denied without prejudice**.

## IV.  Conclusion

Based on the foregoing, the Court respectfully **RECOMMENDS** that Defendant Casey's Motion [#12] be **GRANTED**, that the claims against Defendant Casey be **DISMISSED without prejudice**, and that Defendant Casey be dropped as a party from this action.

The Court FURTHER **RECOMMENDS** that the Bank Defendants and Defendant Gibbons' Motions [#9, #14] be **GRANTED in part and DENIED without prejudice in part**. The Court **recommends** that the Motions [#9, #14] be **granted** insofar as that Plaintiffs' declaratory and injunctive causes of action be **dismissed without prejudice**.  The Court **recommends** that the Motions [#9, #14] be **denied without prejudice** insofar as they

request dismissal of Plaintiffs' causes of action seeking monetary damages.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

IT IS FURTHER **ORDERED** that Plaintiffs' remaining claims for monetary damages against the Bank Defendants and Defendant Gibbons are **STAYED** pending resolution of the underlying state court proceedings.

IT IS FURTHER **ORDERED** that the Bank Defendants and Defendant Gibbons shall file a Status Report regarding the underlying state court proceedings **on or before July 30, 2013**.

Dated: April 30, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

-12-