IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00142-PAB-KLM

TOM KRAMER and
MONICA KRAMER,

      Plaintiffs,

v.

DONN VIGIL,
FRANCIS MARTINEZ,
RIO GRANDE SAVING & LOAN ASSOCIATION,
BENJAMIN F. GIBBONS, and
JAMES A. CASEY,

      Defendants.

---

## ORDER

---

This matter is before the Court on the Order and Recommendation of United
States Magistrate Judge Kristen L. Mix (the "Recommendation") [Docket No. 36] issued
on April 30, 2013.  Plaintiffs Tom and Monica Kramer brought this case on January 22,
2013, alleging violations of the Fourth, Fifth, Seventh, Ninth, and Fourteenth
Amendments in connection with the foreclosure and upcoming sale of their property
against defendants Rio Grande Savings & Loan Association ("Rio Grande"); Donn Vigil,
the President and Chief Executive Officer of Rio Grande; Francis Martinez, a Branch
Bank Manager at Rio Grande; Benjamin F. Gibbons, an attorney representing Rio
Grande; and Magistrate Judge James A. Casey.  Docket No. 1 at 2, 5-7.  Defendants
have moved to dismiss plaintiffs' complaint.  Docket Nos. 9, 12, and 14.  The underlying
facts set forth in the Recommendation have not been challenged and will not be

restated here.  *See* Docket No. 36 at 2-3.

The magistrate judge recommends that the Court dismiss all claims against Judge Casey in his individual capacity; dismiss without prejudice claims seeking monetary relief from Judge Casey in his official capacity; dismiss without prejudice plaintiffs' claims seeking declaratory and injunctive relief against Judge Casey in his official capacity and against the private party defendants; and deny without prejudice the motions to dismiss filed by filed by Mr. Vigil, Mr. Martinez, Mr. Gibbons, and Rio Grande [Docket Nos. 9 and 14] to the extent they seek to dismiss plaintiffs' claims for monetary damages.  Docket No. 36 at 11-12.  Mr. Vigil, Mr. Martinez, Mr. Gibbons, Rio Grande, and plaintiffs have filed timely objections to the Recommendation.  Docket Nos. 39, 40, and 41.  The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  Because the plaintiffs are pro se, the Court will construe their pleadings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## I.  DISCUSSION

### A.  Judicial Immunity

The magistrate judge found that Judge Casey is immune under the Eleventh Amendment from claims for monetary damages brought against him in his official capacity.  Docket No. 36 at 9-10.  She further found that judicial immunity bars plaintiffs' claims against Judge Casey in his individual capacity as such claims concern only actions that were "indisputedly judicial in nature."  Docket No. 36 at 10-11.  Plaintiffs object on the grounds that Judge Casey is not entitled to judicial immunity because a

Rule 120 hearing is an administrative, and not a judicial, proceeding.  Docket No. 39 at 3-6, 9-10.

It is well established that judges are absolutely immune from suit when engaged in the "paradigmatic judicial acts" of "resolving disputes between parties who have invoked the jurisdiction of a court."  *Forrester v. White*, 484 U.S. 219, 227 (1988).  Immunity inheres in the function of a particular action and not in the title of the individual who performs it.  *Id*.  "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they deal with the judge in his judicial capacity."  *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  Accordingly, federal hearing officers and administrative law judges have been found "functionally comparable" to judges for the purpose of immunity because they have comparable powers, exercise independent judgment on the basis of proffered evidence, and are subject to other safeguards, such as the right of appeal.  *Butz v. Economou*, 438 U.S. 478, 512-14 (1978).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  *Stump*, 435 U.S. at 356-57.  To illustrate the difference between acting in excess of jurisdiction and acting without jurisdiction, the Supreme Court has offered the following example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he

would merely be acting in excess of his jurisdiction and would be immune.

*Id*. at 357 n.7 (quoting *Bradley v. Fisher*, 80 U.S. 335, 352 (1871)).

Regardless of whether Rule 120 proceedings are sometimes described as being administrative in nature, *see Bank of America: Nat'l Ass'n v. Sladek*, No. 11-cv-02842-LTB-BNB, 2011 WL 5459492, at *2 (D. Colo. Nov. 10, 2011), plaintiffs challenge only actions that Judge Casey took in his capacity as a judge, namely, his rejection of plaintiffs' argument that the foreclosure proceeding should be dismissed for lack of jurisdiction.  *See* Docket No. 1 at 5, 7 ¶¶ 14-16, 25; *see also Butz*, 438 U.S. at 512-13 ("We think that adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages.").  At all times relevant to the complaint, Judge Casey was performing a function normally performed by a judge and plaintiffs were interacting with him in his role as a judge.  *See Stump*, 435 U.S. at 362.  At all such times, Judge Casey was immune from individual liability, even for actions taken in error or with malice.  *See id*. at 356-57.

Plaintiffs attempt to rely on the holding in *Forrester*  that "[a]dministrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts."  484 U.S. at 228.  The use of "administrative" in this context, however, is distinct from the use of this term in describing a Rule 120 hearing.  In *Forrester*, the Court was referring to the category of managerial decisions integral to administrating the court system itself, for example, demoting or discharging judicial employees.  *Id*. at 228-29.  In contrast, a Rule 120

hearing requires a judge to resolve a dispute according to applicable rules of civil procedure–a quintessential judicial task.

Finally, the Court notes that Judge Casey had subject matter jurisdiction pursuant to Colo. R. Civ. P. 120.[1]  Accordingly, there is no basis for denying Judge Casey absolute immunity from plaintiffs' claims against him in his individual capacity.

### B.  *Younger* Abstention

The magistrate judge recommends that the Court stay plaintiffs' claims for monetary damages and dismiss without prejudice plaintiffs' claims for declaratory and injunctive relief pursuant to the doctrine of *Younger* abstention.  Docket No. 36 at 8-9.  Mr. Gibbons, joined by Mr. Vigil, Mr. Martinez, and Rio Grande, argue that *Younger* abstention is no longer applicable because the Rule 120 proceeding is complete and an order authorizing sale has issued.  Docket No. 40 at 3, ¶ 5; Docket No. 41.

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief–such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings–when such relief could be adequately sought before the state court."  *Amanatullah v. Colo. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal citations omitted).  Accordingly, a federal court "must abstain from exercising

---

[1] Plaintiffs argue that Judge Casey lacked jurisdiction because they "upheld their right to a trial by jury" by adding a line to their Deed of Trust stating "We, Tom and Monica, reserve all our rights, legal or otherwise.  We in know [sic] way relinquish any rights."  Docket No. 39 at 5; Docket No. 39-1 at 4.  This sentence does not refer to the forum in which foreclosure would be available to Rio Grande.  Nor is there any indication that Rio Grande agreed to this addition.  Moreover, plaintiffs provide no authority for the proposition that a contractual reservation of this nature would strip the state court of jurisdiction over a Rule 120 hearing.  This argument is unavailing.

jurisdiction" when (1) there is an ongoing state proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve matters traditionally committed to state law or intertwined with state policies. *Id*. (citing *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)).

*Younger* abstention was recommended here on the basis that the Rule 120 proceeding was ongoing, that plaintiffs had filed a motion to dismiss in that proceeding raising arguments similar to those at issue in this case, and that state court provides an adequate forum for plaintiffs' constitutional claims.  Docket No. 36 at 7-8.  On April 25, 2013, the District Court for the County of Archuleta issued an Order Authorizing Sale, thereby concluding the Rule 120 proceedings.  Docket No. 38-1.  There is no evidence that plaintiffs have sought to challenge the order in state court.  As there is no longer an ongoing state proceeding, *Younger* abstention is inapplicable.[2]  *See Amanatullah*, 187 F.3d at 1163.

### C.  State Action

Plaintiffs allege that defendants are liable under 42 U.S.C. § 1983 for depriving

---

[2] The Court notes that *Rooker-Feldman* abstention is also inapplicable here as plaintiffs are not seeking to "completely undo" a completed foreclosure or eviction proceeding, but rather to enjoin the sale of their home and to recover damages.  *See Dillard v. Bank of New York*, 476 F. App'x 690, 692 n.3 (10th Cir. Apr. 3, 2012) ("We recognize that Rule 120 proceedings are not amenable to application of the *Rooker-Feldman* doctrine.  *See Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1262 & n. 6 (10th Cir. 2012) (concluding that no final judgment is entered in Rule 120 proceedings for purposes of the *Rooker-Feldman* doctrine).  [Plaintiff], however, is not seeking to enjoin the sale of her home; rather, she is attempting to completely undo the foreclosure and eviction proceedings, which were both final before she ever initiated this suit.  Under these circumstances, *Rooker-Feldman* bars her claims.").

them of their constitutional rights.[3]  *See* Docket No. 1 at 2.  Mr. Vigil, Mr. Martinez, Mr. Gibbons, and Rio Grande maintain that they cannot be liable under § 1983 because they are not state actors.  Docket Nos. 40 and 41.

Under § 1983, persons acting under the color of state law can be held liable for depriving others of their constitutional rights.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  A plaintiff may establish that a private party was acting under the color of state law by showing that (1) "the state has so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity"; (2) "a private party is a willful participant in joint action with the State or its agents"; or (3) "the state delegates to the private party a function traditionally exclusively reserved to the State."  *Read v. Klein*, 1 F. App'x 866, 870-71 (10th Cir. 2001) (internal citations omitted).

"When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted

---

[3] Plaintiffs state that they are asserting claims pursuant to 42 U.S.C. §§ 1985, 1986, and 1988.  To state a claim under § 1985 for a private conspiracy, a plaintiff must allege "(a) that a racial or other class-based invidious discriminatory animus lay behind the coconspirators' actions, (b) that the coconspirators intended to deprive the victim of a right guaranteed by the Constitution against private impairment, and (c) that that right was consciously targeted and not just incidentally affected."  *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001).  Plaintiffs have not made any allegations regarding race or another protected class and thus this claim fails as a matter of law.  Since a claim under § 1986 "depends on the existence of a claim under § 1985," *Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir. 1983), plaintiffs' § 1986 claim fails, as well.  42 U.S.C. § 1988 is a fee-shifting provision that does not provide a basis for liability.

action." *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).  The

standard is more demanding where plaintiffs allege that the conspiracy involved state

officials with absolute immunity.  *Id*.

In *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1205 (10th Cir. 2005), the court held

that an employer and its attorneys were not state actors under § 1983 and thus could

not be liable for alleged fourth and fifth amendment violations where they "sought and

obtained an *ex parte* order directing local police . . . to execute a search" of plaintiffs'

home.  The court noted that plaintiffs did not "challenge the constitutionality of the state

laws under which the Search and Enforcement Orders were issued" and that, without

such a challenge, the challenged conduct could not be "attributed to a decision of the

state."  *Id*. at 1209.  The court concluded that, "[b]ecause plaintiffs allege nothing more

than 'private misuse' of state laws, their complaint fails to satisfy" the state action

requirement.  *Id*. (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982)

(private creditor subject to § 1983 claim for pre-judgment attachment of property

pursuant to allegedly unconstitutional state statute)); *see also Torres v. First State Bank

of Sierra Cnty.*, 588 F.2d 1322 (10th Cir. 1978) (upholding dismissal of plaintiff's § 1983

claim against a bank for obtaining a restraining order that allegedly violated the due

process clause, absent facial challenge to statute under which order was issued); *see

also Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("Of course, merely resorting to the

courts and being on the winning side of a lawsuit does not make a party a co-

conspirator or a joint actor with the judge.").

Plaintiffs argue that defendants were acting under color of state law because

8

they were "willful participants" in the Rule 120 proceedings.  Docket No. 39 at 10.

However, the fact that defendant Rio Grande pursued and obtained a particular state

law remedy, to which plaintiffs maintain it is not entitled, does not render the issuance

of that remedy "joint action" between the state and defendants.  Rather, the alleged

conduct constitutes, at worst, "private misuse" of state laws, which is insufficient to

establish state action on the part of private actors.  *See* 415 F.3d at 1209; *see also*

Docket No. 1 at 6, ¶¶ 21-23.  Nor do plaintiffs establish the state action requirement

through allegations of conspiracy.  Plaintiffs state that "Defendants, [sic] VIGIL,

MARTINEZ, and GIBBONS acted in concert when defendant's [sic] deprived Tom and

Monica Kramer of their rights secured to them by the Constitution of the United States."

Docket No. 1 at 6, ¶ 24.  This is the only allegation in plaintiffs' complaint that mentions

conspiracy.  As it is conclusory, and, in any event, fails to allege a conspiracy between

public and private actors, it is insufficient to establish state action on the basis of

conspiracy.  *See Sooner Prods.*, 708 F.2d at 512.

In sum, plaintiffs have failed to state claims against Mr. Vigil, Mr. Martinez, Mr.

Gibbons, or Rio Grande under § 1983.

### D.  Leave to Amend

Plaintiffs argue that they should be given the opportunity to amend their

complaint because they are not represented by counsel.  Docket No. 39 at 2.

Leave to amend should be granted freely, especially to a pro se plaintiff.  Fed. R.

Civ. P. 15(a); *see Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998).  "Dismissal

of a pro se complaint for failure to state a claim is proper only where it is obvious that

9

the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal citations omitted); *see also Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Serv., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In *Dillard*, the Tenth Circuit upheld the district court's dismissal of Ms. Dillard's complaint because she did not seek leave to amend until after the magistrate judge issued a recommendation, did not submit a proposed amended complaint despite instructions to do so, and "nothing in the facts [she] did allege suggest[ed] that any amendment could have cured her pleading deficiencies." 476 F. App'x at 692.

First, it would be futile to permit plaintiffs to amend their claims against Judge Casey in his individual capacity because such claims are barred by judicial immunity and thus these claims will be dismissed. *See Stump*, 435 U.S. at 356-57. It would likewise be futile to permit plaintiffs to amend claims for monetary damages against Judge Casey in his official capacity, as such claims are barred by the Eleventh Amendment. *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007). These claims will be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006). It does not appear from the complaint that plaintiffs are asserting claims for injunctive relief against Judge Casey in his official capacity. *See* Docket No. 1 at 8, ¶¶ (a)-(b). To the extent they are, however, amending such claims would be futile since this matter is no longer before Judge Casey. *See* Docket No. 38-1 at 1, ¶¶ 4-5.

Moreover, plaintiffs, like Ms. Dillard, did not request leave to amend until after the

magistrate judge recommended dismissal, even though the motions to dismiss put them on notice of deficiencies in the complaint.  *See* 476 F. App'x at 692.  Nothing in the facts alleged suggests that plaintiffs could state a claim under § 1983 against the private parties, and plaintiffs have provided no explanation of how they would amend the complaint to address these deficiencies.  *See id*.  The Court concludes that amendment in this case would be futile.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Order and Recommendation of United States Magistrate Judge [Docket No. 36] is ADOPTED in part.  It is further

**ORDERED** that Defendant Benjamin F. Gibbons' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(B)(6) [Docket No. 9] is GRANTED.  Plaintiffs' claims against Mr. Gibbons are dismissed with prejudice.  It is further

**ORDERED** that the Motion to Dismiss of Defendant Casey [Docket No. 12] is GRANTED.  Plaintiffs' claims for monetary damages asserted against Judge Casey in his official capacity are dismissed without prejudice.  All other claims against Judge Casey are dismissed with prejudice.  It is further

**ORDERED** that Defendants Donn Vigil, Francis Martinez and Rio Grande Savings & Loan Association's Motion to Dismiss [Docket No. 14] is GRANTED.  Plaintiffs' claim against Mr. Vigil, Mr. Martinez, and Rio Grande are dismissed with prejudice.  It is further

**ORDERED** that this case is DISMISSED.

DATED May 22, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge